## Kulick v. Kulick et al.

*Henry M. Biglan* and *Thomas C. Gibbons*, for plaintiff.

*James L. Brown* and *Joseph V. Kasper*, for defendants.

VALENTINE, P. J., April 7, 1953. — September 25, 1951, bill filed.

February 4, 1952, answer, with new matter, filed. September 10, 1952, reply to new matter filed.

The issue is whether plaintiff is entitled to a decree directing partition of real estate.

### Findings of Fact

1. This is a bill in equity for partition of certain real estate situate in the Borough of Dupont, bounded and described as follows: . . .

2. Title to the real estate is vested in plaintiff, Katherine Kulick, and in the following defendants: Frank J. Kulick, John F. Kulick, Stanley Kulick, Mrs. Bertha Musto, Steven Kulick, Lottie Kulick, Mrs. Victoria Kulick and Mrs. Theresa Kulick, each being the holder of a one-ninth undivided interest therein.

3. Defendant, Lottie Kulick is about 36 years of age.

She has a low intelligence quotient and is unable to earn a livelihood.

4. Lottie Kulick lived with her mother up until the time of the latter's death in 1943. Since that time she has lived, and is now living, with her sister, Mrs. Bertha Musto, one of the defendants. She has never been adjudged incompetent.

5. The partition of the real estate is objected to by Mrs. Musto and her husband, and also by Lottie, upon the contention that the real estate of the mother is subject to a lien for Lottie's support and maintenance.

### Discussion

The brief submitted by defendants' counsel sets forth the questions involved, as follows:

"1. Is the incompetency of defendant, Lottie Kulick, a bar to this proceeding in partition?

"2. Is Lottie Kulick entitled to a children's exemption?

"3. Will a children's exemption be a bar to this proceeding in partition?"

We have been referred to no authority holding that the first question should be answered in the affirmative. Had Lottie Kulick been an inmate of an institution, maintained in whole or in part by the Commonwealth, the mother would have been liable for her support: Act of June 1, 1915, P. L. 661, sec. 3. However, this liability, which was personal, would have ceased at the mother's death, and would not have continued against the mother's real estate.

Almost 10 years have elapsed since the present owners, upon the death of their mother, acquired title to the real estate in question. Apparently there has been no accounting of rents or other income from the same. To what extent, if any, the rents have been utilized for Lottie's support does not appear. The

rights of Lottie should be protected by the appointment of a guardian who would represent her interest.

Whether Lottie is entitled to an exemption is a matter for the orphans' court, and not for us.

## Decree Nisi

It is ordered, adjudged and decreed that partition be made of the real estate described in the first finding of fact.